NORA THOMPSON AND RAY E. THOMPSON v. AVERY COUNTY, AND THE BOARD OF EDUCATION OF AVERY COUNTY.

(Filed 1 November, 1939.)

**1. Judgments § 20—**

The lien of a docketed judgment attaches only against such estate in lands as the judgment debtor has at the time of the docketing of the judgment or thereafter acquires while the judgment subsists.

**2. Deeds § 17a—**

A covenant against encumbrances is a personal covenant and does not run with the land, and relates to things in existence at the time it is made, and therefore when there is a judgment lien subsisting against the covenantor, the covenant is broken and a right of action arises in the covenantee immediately upon delivery of the deed.

**3. Deeds §§ 13a, 17a—**

When the life tenant executes deed with full covenants, and thereafter the life tenant and the remainderman execute deed to the same grantee with like covenants, the second deed conveys only the remainder, even though it purports to convey the life estate also, and its covenant against encumbrances relates solely to encumbrances against the remainder.

**4. Deeds § 17a—**

Ordinarily, the measure of damages for breach of covenant against encumbrances, when the covenantee pays off the encumbrances, is the fair and reasonable amount paid out in discharging the encumbrances, not exceeding the purchase price of the land.

**5. Estates § 9h—**

When a life tenant and the remainderman sell the lands, the life tenant is entitled to the present cash value of her life estate in the purchase price, computed according to her life expectancy at the date of the execu-

tion of the deed, C. S., 1790, 1791, as amended by Public Laws of 1927, ch. 215, and the remainderman is entitled to the balance of the purchase price.

6. **Deeds § 17a—Cause remanded for determination of value of life estate in order to compute damages for life tenant's breach of covenant against encumbrances.**

A life tenant executed deed with full covenants, and ·thereafter the life tenant and the remainderman executed deed to the same grantee with like covenants. There were outstanding docketed judgments against the life tenant alone, which the covenantee paid and discharged. *Held:* The covenantee is entitled to recover on the covenant · against encumbrances only against the life tenant, and damages for breach of the covenant is the amount reasonably expended by the covenantee in discharging the liens not exceeding the amount paid the life tenant for her life estate, and therefore the cause is remanded for facts determinative of the value of her life estate, the remainderman being entitled to the balance of the purchase price after deducting the value of the life estate, except that the remainderman having disclaimed any part of the purchase price paid the life tenant upon delivery of the first deed, he may not recover more than the balance of the purchase price after deducting such amount.

APPEAL by plaintiffs from *Ervin, Special Judge,* at July Civil Term, 1939, of AVERY.

Civil action for recovery of balance of purchase price of land for a schoolhouse site. Defendants aver breach of covenant against encumbrances and plead as counterclaim amounts expended in discharge of judgment liens.

The pleadings disclose these uncontroverted facts:

1. On 16 November, 1935, plaintiff Nora Thompson agreed to sell to defendants at the price of $1,400 a certain tract of land for a schoolhouse site for Riverside School in Avery County, and pursuant thereto and on said date said plaintiff executed and delivered to defendant, Board of Education of Avery County, a deed conveying said land with covenants of seizin, of right to convey, against encumbrances, and of warranty, but the defendants then paid only $500 of the purchase price.

2. Thereafter the defendants caused investigation to be made of the title to the lands embraced in said deed from Nora Thompson to the Board of Education of Avery County, and learned that she did not own a fee simple title to said land, that she was seized of only a life estate therein with remainder in her son, plaintiff Ray E. Thompson; and that there were docketed of record three valid judgments against her.

3. Upon ascertaining the facts set forth in the last preceding paragraph, the defendants caused to be prepared another deed, also dated 16 November, 1935, from plaintiffs Nora Thompson and Ray E. Thompson to the Board of Education of Avery County, for the recited consideration of $1,400, conveying the same lands as described in the deed

from Nora Thompson previously executed and delivered as aforesaid, with covenants of seizin, of right to convey, against encumbrances, and of warranty. This deed was signed by both Nora Thompson and Ray E. Thompson, and acknowledged on 25 November, 1935, and delivered to the Board of Education of Avery County.

4. Defendants then refused, upon demand by plaintiffs therefor, to pay the balance of $900 of the purchase price, until and unless plaintiffs should pay in full the said three judgments and discharge the liens thereof against the life estate of Nora Thompson in and to the lands in question. Executions were issued upon each of these judgments, and upon failure of plaintiffs to pay, defendants, on 17 December, 1936, paid to the sheriff of Avery County the sum of $782.65 in satisfaction of the liens of said judgments, and prior to the institution of this action tendered to counsel for plaintiffs the sum of $117.35, with accrued interest, as balance of the purchase price of the lands after deducting the $500 paid to Nora Thompson and the amount so paid in discharge of the judgment liens.

In the complaint plaintiff Nora Thompson makes no claim to any part of the $900 balance of the purchase price unless the court should be of opinion as a matter of law that her estate was of greater value than $500, the amount paid to her; and plaintiff Ray E. Thompson makes no claim to any part of the $500.

From the admissions in the pleadings and of counsel in open court, the judge below, being of opinion that there is presented no issue of fact, but only a question of law, entered judgment in favor of the plaintiffs for the sum of $117.35, with interest, as balance of the purchase price, and against plaintiffs for the costs of the action.

In the judgment findings of fact appear only with respect to the second deed. Though defendants offered in evidence the records of both deeds, duly registered, no reference is made to the first deed. There is no finding of fact as to the age of the plaintiff Nora Thompson on the date of the execution of the deed by her to the Board of Education, nor as to the then value of her life estate in and to the lands in question.

The plaintiffs appeal from the judgment rendered, and assign error.

*R. W. Wall for plaintiffs, appellants.*
*Charles Hughes for defendants, appellees.*

WINBORNE, J. The principal question is: Where the owner of a life estate only in certain land, against which there are existing judgment liens, has, pursuant to contract and in consideration of a certain purchase price, executed and delivered to another as grantee a deed conveying the fee in the land with covenants of seizin, of right to convey,

against encumbrances and of warranty, and later joins the owner of remainder in the execution and delivery of a like deed to the same grantee, describing the same land, with like covenants and for the same purchase price, is the grantor, remainderman, liable to grantee for breach of covenant against encumbrances for the amount expended by the grantee in discharging the judgment liens against the life estate? The court below ruled that he is. In this ruling we think there is error.

A judgment, directing the payment of money, upon being docketed, becomes "a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered." C. S., 614. The lien extends to and embraces only such estate as the judgment debtor has at the time of the docketing thereof, or thereafter acquires while the judgment subsists. *Bristol v. Hallyburton,* 93 N. C., 384; *Bruce v. Nicholson,* 109 N. C., 202, 13 S. E., 790.

A covenant against encumbrances is generally regarded as relating to things in existence at the time it is made. It is a personal covenant and does not run with the land. Hence, if a judgment lien exists, the covenant against encumbrances is broken immediately upon the delivery of the deed and a right of action for damages arises in favor of the covenantee. *Cover v. McAden,* 183 N. C., 641, 112 S. E., 817; *Lockhart v. Parker,* 189 N. C., 138, 126 S. E., 313.

Applying these principles to the case in hand, it is pertinent to bear in mind the facts that Nora Thompson was seized of a life estate only, and Ray E. Thompson was seized only of the remainder in and to the lands in question, and that the judgments were against Nora Thompson and not against Ray E. Thompson. Hence, the lien of the judgments extended only to the life estate of Nora Thompson, and not to the remainder. These judgments being docketed in Avery County at the time of the delivery of the deed from Nora Thompson to the Board of Education, the covenant therein against encumbrances was instantly broken, and a cause of action arose immediately against her and in favor of the Board of Education for damage for such breach.

But a different situation exists in relation to the second deed:

When the Board of Education accepted deed from Nora Thompson it became seized of her estate in the land. Therefore, as the title thereto was then vested in the Board of Education, no part of the life estate was conveyed by the second deed. The inclusion of her name in it and the execution of it by her were mere matters of surplusage.

While not limited in expression to the conveyance of the remainder, of which Ray E. Thompson was seized, the second deed had the effect of conveying only such remainder, which was unencumbered, and with respect to which the covenant against encumbrances is not broken. There is no reference in the deed to the encumbrances against the life

estate. This being the case, to assume that the parties intended the covenants to extend to an estate of which the covenantee was then seized is not appealing to reason.

We, therefore, hold that the existence of the judgment against Nora Thompson at the time of the execution and delivery of the second deed does not constitute a breach of the covenants against encumbrance therein set forth. Consequently, defendants, as against Ray E. Thompson, may not successfully assert claim for any amount expended by them in removing or discharging the liens of said judgments.

The general rule as to the measure of damages for breach of covenant against encumbrances, where the encumbrance has been removed or paid off by the covenantee, is the fair and reasonable amount paid out by the covenantee in removing or discharging the encumbrances, provided it does not exceed the purchase price paid by the covenantee for the land. 14 Am. Jurisprudence, 582, 599, and 602; Rawls on Covenants of Title, p. 275, ch. IX, secs. 192, 193.

In accordance with this rule, defendants are entitled to recover of Nora Thompson the fair and reasonable amount paid out by them in removing or discharging the liens of said judgments against her, which is admitted to be $782.65; provided, that amount does not exceed the purchase price paid, or agreed to be paid, to her for her life estate in the said lands.

It is then necessary to determine what is the purchase price of the life estate of Nora Thompson, based on total purchase price of $1,400 for the fee. She would be entitled to the present cash value of her life estate in the purchase price, to be calculated and based upon the expectancy of her continued life from the age attained at the date of her deed, 16 November, 1936, in accordance with the provisions of the statutes—C. S., 1790, and C. S., 1791, as amended by Public Laws 1927, ch. 215. Plaintiff Ray E. Thompson is entitled to the balance of the purchase price, that is, the difference between the total purchase price and the value of the life estate of Nora Thompson so calculated and deducted as of 16 November, 1936, with interest on such difference from that date. But Ray E. Thompson, having disclaimed any part of the $500 paid by defendants to Nora Thompson, is not entitled to recover of defendants as principal of purchase price more than $900.

There being no finding of fact as to attained age of Nora Thompson on date of her deed, 16 November, 1936, the case will be remanded for the ascertainment of this fact, upon which judgment will be entered in accordance with this decision.

Reversed.