BORDEN, INC. AND J. EDGAR MOORE, TRUSTEE IN BANKRUPTCY FOR WILBUR T. WADE AND WIFE, CLORENE ALLEN WADE v. WILBUR T. WADE AND WIFE, CLORENE A. WADE, ROY WHITLEY BROWN AND WIFE, LINDA GAIL WADE BROWN AND JOHN A. JAMES, TRUSTEE UNDER DEED OF TRUST

— AND —

J. EDGAR MOORE, TRUSTEE IN BANKRUPTCY FOR WILBUR THOMAS WADE AND WIFE, CLORENE ALLEN WADE, BANKRUPTS v. ROY WHITLEY BROWN AND WIFE, LINDA GAIL WADE BROWN AND WILBUR THOMAS WADE, JR.

No. 736SC823

(Filed 3 April 1974)

**Fraudulent Conveyances § 3— conveyances to defraud creditors — question of value — summary judgment**

In an action to set aside conveyances of realty and personalty allegedly made with intent to defraud creditors of the now bankrupt grantors, summary judgment was improperly entered for plaintiffs, notwithstanding plaintiffs' evidence showed that the property was conveyed to the grantor's daughter and son-in-law in consideration of their agreement to pay liens against the property of $18,676 and plaintiffs presented uncontradicted and unimpeached testimony that the realty alone had a value of at least $29,000, since the material question of value remained for resolution by the jury which could believe or disbelieve plaintiffs' evidence on that question.

Judge CAMPBELL dissents.

APPEAL by defendants Roy Whitley Brown, Linda Gail Wade Brown and Wilbur Thomas Wade, Jr., from *Lanier, Judge,* 14 May 1973 Session of Superior Court held in BERTIE County. The action was pending in NORTHAMPTON County and was, by consent, heard in BERTIE County.

These are actions to set aside conveyances of certain real estate and personal property on the grounds that the conveyances were fraudulent and made with intent to defraud creditors of defendants Wilbur T. Wade and wife Clorene A. Wade.

Plaintiffs moved for summary judgment. In support of their motion plaintiffs submitted verified pleadings, answers to interrogatories, excerpts of testimony from the bankruptcy proceedings of Wilbur and Clorene Wade, the order of the referee in bankruptcy and parts of the depositions of defendants and an affidavit of Marvin Coleman.

These documents, in summary, tended to show that, at a time when they were insolvent and hard pressed by creditors, Wilbur T. Wade and Clorene Wade transferred all of their real estate and farming equipment to their daughter Linda and her husband Roy Brown. The only consideration was that the Browns agreed to assume liability for the satisfaction of liens against the property in the sum of $18,676.98. Wilbur T. Wade also transferred a race horse for which he had paid $3500.00 to his daughter Linda Brown and defendant Thomas Wade, Jr., his son. Wade, Jr. was unemployed and lived with his parents. The only consideration for the transfer was an understanding that Wade, Jr. would perform unspecified labor on the farm to pay for his interest in the horse. The Wades continued to live on the farm, rent free, after the transfer to the Browns. Several months after the transfer of the property, the Wades filed petitions in bankruptcy. The referee found that the real estate alone had a value of $29,000.00 and that the transfers were made with intent to defraud creditors. He denied the petitions for discharge in bankruptcy, and the Wades did not appeal from that order. At the hearing on the petition for discharge in bankruptcy, an agent for one of the plaintiffs testified that the fair market value of the real estate was $29,000.00. At the same hearing an attorney who had represented other creditors of Wade testified that the fair market value of the real estate was between

Borden, Inc. v. Wade and Moore v. Brown

$28,500.00 and $31,600.00. There was no evidence as to the value of the personal property. Both witnesses were subjected to cross-examination. Other documents filed by plaintiffs in support of their motion tended to show that the Wades made the transfer to the daughter and son-in-law so that it would not be sold by their creditors and that they retained no assets with which to pay creditors. The documents also tended to show that the Browns were aware of the Wades' financial condition. Defendants Brown alleged in their answer that they paid more than full value for the property. The defendants did not respond to the motion for summary judgment by affidavit or otherwise.

Plaintiffs' motion for summary judgment was allowed and judgment was entered in their favor. Defendants Brown and Thomas Wade, Jr., appealed.

*Leroy, Wells, Shaw, Hornthal & Riley by L. P. Hornthal, Jr., for plaintiff appellees.*

*Revelle, Burleson and Lee by L. Frank Burleson for defendant appellants.*

VAUGHN, Judge.

The transfers under attack in this lawsuit bear all the badges of fraud. Defendants did not respond to plaintiffs' motion for summary judgment. If defendants had simply responded by affidavits tending to show, for example, that "full value" was paid for the property then summary judgment clearly would have been inappropriate for summary judgment is not a vehicle for conducting a trial by affidavits. Despite defendants' failure to respond, we hold that the case was one for trial on the merits and that summary judgment in favor of plaintiffs was inappropriate. The opinions as to the fair value of the property contained in the documents filed by plaintiffs were not sufficient to establish the fair value as a matter of law and thereby remove that question from consideration by the jury. We are aware of cases from other jurisdictions holding that uncontradicted and unimpeached testimonial evidence from qualified witnesses is sufficient to support summary judgment, even in favor of the party with the burden of proof. We are of the opinion, however, that our Supreme Court takes a contrary view and would hold that although plaintiffs' evidence as to value was uncontradicted and unimpeached, the material question of value remained for resolution by the jury which would

be at liberty to believe or disbelieve plaintiffs' evidence on that question. Certainly the court would not allow a directed verdict in favor of plaintiffs on the same evidence. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297.

The appellate courts of this State have repeatedly emphasized that summary judgment is a drastic remedy and should be allowed in only those cases where it is clearly appropriate. If there is the slightest doubt, the trial court should deny the motion and allow trial on the merits. If there is to be error, the error should be in failing to allow the motion and in favor of allowing a trial. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189.

The judgment entered allowing plaintiffs' motion for summary judgment is reversed.

Reversed.

Judge BRITT concurs.

Judge CAMPBELL dissents.