Reavis v. Campbell

---

MARTHA REAVIS v. GRACE CAMPBELL

No. 7522SC44

(Filed 15 October 1975)

1. Appeal and Error § 16— setting aside judgment after appeal — adjudication of abandonment of appeal

The trial court had jurisdiction to set aside summary judgment for defendant after plaintiff had given notice of appeal and to enter another judgment since the proceedings before the trial court con-

stituted an adjudication that plaintiff's appeal had been abandoned and that plaintiff, by moving to have the judgment set aside and by appearing at the hearing for that purpose, gave proper notice of her intention to abandon the appeal.

2. **Automobiles § 58— driver of turning vehicle — negligence — summary judgment — conflicting testimony at prior trial**

   In a passenger's action against the driver of the car in which she was riding to recover for injuries received when defendant's car collided with an oncoming second car while attempting to make a left turn, the trial court erred in granting summary judgment for defendant where defendant offered the testimony of plaintiff at a prior trial arising out of the same accident to the effect that the driver of the second car, and not defendant, was negligent, but plaintiff offered testimony given at the prior trial by a patrolman and the driver of the second car tending to show that the collision was caused by defendant's negligence, since the contradiction in testimony raised an issue of credibility for the jury.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 11 November 1974 in Superior Court, IREDELL County. Heard in the Court of Appeals 19 March 1975.

Plaintiff brought suit against defendant to recover for injuries incurred in an automobile accident.

On 8 October 1972, plaintiff was the guest passenger in an automobile operated by defendant. An accident occurred in which a car operated by Barbara Gail Murdock collided with the car occupied by the plaintiff and defendant-operator. The accident occurred when the defendant was attempting to make a left-hand turn across the traffic lane in which Mrs. Murdock was proceeding. The right side of Mrs. Murdock's automobile collided into the passenger side of the automobile operated by the defendant.

In a previous trial arising out of the same set of facts, the plaintiff testified that the automobile in which she was riding was sitting still at the time the accident took place, and that the car was sitting two feet back of the centerline. In effect, plaintiff testified that Barbara Gail Murdock was the negligent driver, rather than Grace Campbell. In the case at bar, plaintiff is alleging that it was Grace Campbell who was negligent in that she failed to bring her automobile to a stop and failed to yield the right-of-way to the vehicle operated by Barbara Gail Murdock.

Both parties moved for summary judgment. Defendant based her motion upon plaintiff's testimony in the previous trial

arising out of the same set of facts. Plaintiff's attorney failed to appear at the hearing on the motions, and therefore was not heard. The court allowed defendant's motion. Plaintiff appealed from that judgment, and later moved to have the summary judgment set aside. Upon hearing the motion, the court set aside the prior judgment and again entered summary judgment in favor of the defendant upon evidence offered by both plaintiff and defendant. From this latter judgment, both plaintiff and defendant appeal.

*Franklin Smith,* for plaintiff appellant.

*Sowers, Avery & Crosswhite, by William E. Crosswhite,* for defendant appellee.

MARTIN, Judge.

[1]  One question raised by this appeal, although not mentioned by either party, is whether the trial court had the jurisdiction to set aside the first judgment and enter the second judgment after the plaintiff had given notice of appeal.

In *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659 (1963), it was stated:

> "As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* ' . . . [A] motion in the cause can only be entertained by the court where the cause is.' Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal."

However, the general rule that an appeal divests the trial court of jurisdiction becomes inoperative when the trial judge, after due notice and on a proper showing, adjudges that the appeal has been abandoned. We construe the proceedings appearing in the record on 11 November 1974 to constitute an adjudication by the court that plaintiff's prior appeal from the entry of summary judgment in favor of defendant had been abandoned, and that plaintiff, by moving to have the judgment set aside and by appearing at the hearing for that purpose, gave proper notice of her intention to abandon the same. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975). It follows,

therefore, that the superior court had jurisdiction on 11 November 1974 to hear plaintiff's motion to set aside the judgment entered 8 August 1974, and to enter another judgment.

**[2]** Another question presented by this appeal is whether the trial court erred in granting summary judgment in favor of defendant.

The first determination to be made in considering the propriety of summary judgment is whether Campbell, as the party moving for summary judgment, has met the burden placed upon her under Rule 56(c). The movant's burden was stated in *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972), as follows:

> "Our Rule 56 and its federal counterpart are practically the same. Authoritative decisions both state and federal, interpreting and applying Rule 56, hold that the party moving for summary judgment has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' (Citations). Rendition of summary judgment is, by the rule itself, conditioned upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. (Citations)."

In determining whether the movant has met this burden, the court may consider such evidence as " . . . admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

In support of her motion for summary judgment, defendant Campbell offered the testimony of plaintiff from a former trial arising out of the same transaction. In the former trial the plaintiff, Martha Reavis, was alleging that Murdock was responsible for her injuries which resulted from the same automobile accident. Plaintiff testified as follows:

> "Q. First, tell us if the Chevrolet you were riding in, was it sitting still at the time the accident took place?
>
> A. Yes, it was.

Reavis v. Campbell

Q. Tell us where the automobile you were riding in was sitting with reference to the centerline.

A. Sitting two feet back this side of the centerline.

.   .   .

Q. You may state at the time the accident occurred what direction if any the Campbell vehicle you were riding in was traveling.

A. Going South.

Q. State if the vehicle was moving at all.

A. It was not moving.

.   .   .

Q. In your Complaint you make no allegations of negligence at all on the part of Mrs. Campbell, do you?

A. No."

The plaintiff offered, in support of her motion to set the 8 August 1974 judgment aside and in defendant's motion for summary judgment, a transcript of the testimony of Trooper M. K. Holcomb and Barbara Gail Murdock given at a former trial. Trooper Holcomb investigated the accident and Barbara Gail Murdock was the operator of the vehicle involved in the accident with defendant, Grace Campbell.

At the former trial, Holcomb testified:

"Q. Now, was any portion of the 1962 Chevrolet (Murdock car) located in the southbound lane?

A. . . . No.

Q. Was it completely in the northbound lane?

A. Yes.

Q. Approximately how much of the Campbell vehicle, the 1971 Chevrolet, was located in the northbound lane also?

A. The Campbell vehicle was better than three-fourths in the northbound lane."

Also at the former trial, Murdock testified:

"Q. When you saw the Campbell vehicle—I believe it was a 1971 Chevrolet?

A. Yes.

Q. Was it moving or stopped?

A. Moving.

Q. Did it thereafter stop, did it stop after you first saw it?

A. No, it did not.

Q. Anytime?

A. No."

Thus, the testimony of Holcomb and Murdock, which was offered in evidence by plaintiff, contradicted the testimony of the plaintiff which was offered in evidence by the defendant. This contradiction raises an issue of credibility sufficient to defeat defendant's motion for summary judgment and to advance the case for trial. *Railway Co. v. Werner Industries,* 286 N.C. 89, 209 S.E. 2d 734 (1974). Conceivably, plaintiff would not testify at the trial of this action. " 'Upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. (Citations).' " *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101, (1970). " 'If there is any question as to the credibility of witnesses or the weight of evidence, a summary judgment should be denied. . . . ' (Citation)." *Kessing v. Mortgage Corp., supra.*

Defendant excepted to and gave notice of appeal from that part of the 11 November 1974 judgment setting aside the summary judgment dated 8 August 1974. While defendant filed no appellant's brief on this question, she argued the question in her brief as appellee on plaintiff's appeal. Assuming arguendo, the question is properly presented, in view of our holding above, we find no merit in defendant's contention.

For the reasons stated, those parts of the 11 November 1974 judgment denying plaintiff's motion for summary judgment and setting aside the summary judgment dated 8 August 1974 (filed 31 October 1974) are affirmed; but that part of the 11 November 1974 judgment allowing defendant's motion

for summary judgment and dismissing plaintiff's cause of action is reversed.

Affirmed in part.

Reversed in part.

Judges BRITT and HEDRICK concur.