WILLIAM L. LAMBERT v. DUKE POWER COMPANY,
A CORPORATION

No. 7626SC585

(Filed 5 January 1977)

Electricity § 8— plaintiff working on sign — knowledge of uninsulated
   wire — contributory negligence

     In an action to recover for personal injuries sustained by plain-
tiff when he came in contact with an uninsulated wire while working
on a large outdoor sign, evidence was sufficient to show that plaintiff
was contributorily negligent as a matter of law where it tended to
show that plaintiff had previously worked on the sign and had been
warned of the presence of the wire by his coworker, and plaintiff
admitted that he knew of the existence of the wire but thought that
he could safely work around it.

APPEAL by plaintiff from *Thornburg, Judge.* Summary
judgment entered 1 April 1976 in Superior Court, MECKLENBURG
County. Heard in the Court of Appeals 7 December 1976.

Plaintiff alleged in his complaint that on 12 June 1970 he
was employed by Interstate Advertising Company and was en-
gaged in putting a new facing on a large outdoor advertising
sign beside Independence Boulevard in Charlotte. In performing
his work, plaintiff was required to move along the entire length
of the top of the sign to pull up the new facing and fasten it
onto the billboard. While moving along the top of the sign,
plaintiff came in contact with an uninsulated wire which was
owned and " . . . maintained by the defendant above the sign
at a point where an adult human being working on the sign
would come in contact with the wire and be injured." The elec-
trical shock caused plaintiff to fall approximately 30 feet to the
ground and resulted in serious injuries to him. Defendant, in
its answer, denied the material allegations of plaintiff's com-
plaint and alleged intervening negligence by Interstate Adver-
tising Company, and contributory negligence on the part of
plaintiff.

After extensive pretrial discovery, defendant moved for
summary judgment. It stipulated, solely for the purposes of
the motion, that it had been negligent but argued that plaintiff
was contributorily negligent. On 1 April 1976, Thornburg,
Judge, after reviewing all the evidence, granted defendant's
motion, stating

"And, the parties having stipulated that the defendant was primarily negligent for purposes of a determination on this motion only, it appearing to the Court that the testimony of the plaintiff contained in his deposition and in his answers to the interrogatories of the defendant contained in the aforementioned file show that the plaintiff was contributorily negligent as a matter of law and that defendant is entitled to judgment as a matter of law . . . "

Plaintiff appeals from this order.

Other relevant facts are set out in the opinion below.

*Jones, Hewson and Woolard, by Harry C. Hewson and John D. Warren, for plaintiff appellant.*

*William I. Ward, Jr., and W. Edward Poe, Jr.; Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins III, for defendant appellant.*

MORRIS, Judge.

The sole question for consideration on this appeal is whether the trial judge properly entered summary judgment for defendant. Upon a motion for summary judgment, the court does not attempt to resolve issues of fact but to determine whether there is a genuine issue of material fact to be tried. *Zimmerman v. Hogg & Allen,* 286 N.C. 24, 209 S.E. 2d 795 (1974); *Reavis v. Campbell,* 27 N.C. App. 231, 218 S.E. 2d 873 (1975). The moving party must make it perfectly clear that he was entitled to judgment as a matter of law. *Builders Supply Co. v. Eastern Associates,* 24 N.C. App. 533, 211 S.E. 2d 472 (1975).

Plaintiff contends that defendant did not establish as a matter of law that plaintiff was contributorily negligent and thereby barred from recovery. We disagree.

Answers to interrogatories and plaintiff's own deposition show that plaintiff had worked on top of the same sign on at least two previous occasions; that he believed a co-worker " . . . did mention there was a high tension line above the sign"; that prior to the accident he occasionally looked over and saw the wire but was looking downward at the time he came in contact with it; that when the accident occurred, plaintiff was standing on two iron rails which ran along the inside

Lambert v. Power Co.

of the sign approximately 12 inches from its top; that he had been leaning over to pull up the new wood panel into place when he raised up slightly and turned around to go to the center of the sign; that he was aware of the presence of the wire but thought that " . . . [i]t appeared far enough away that it was safe to work"; and that as he turned, the uninsulated wire touched him on the neck just below his right ear and the resulting electrical shock threw him to the ground.

In *Floyd v. Nash*, 268 N.C. 547, 151 S.E. 2d 1 (1966), plaintiff's intestate died as a result of electrical shock when the blower pipe of his truck came in contact with an uninsulated wire of the defendant power company. The evidence showed that the deceased knew of the existence of the wire and its proximity to the point at which he brought his truck in contact with it. The Supreme Court held that plaintiff's intestate was contributorily negligent as a matter of law.

> "Even if negligence by either of these defendants could reasonably be inferred upon the evidence in this record, the evidence leads inescapably to the conclusion that the deceased . . . was guilty of contributory negligence. Knowing of the presence of the power line, and having filled his tank on previous occasions, the deceased, for some unknown reason, permitted the metal blower pipe . . . to come in contact with the power line. This tragic lapse of attention to a known danger in the immediate vicinity must be deemed negligence by the deceased." 268 N.C. at 551, 151 S.E. 2d at 4.

Here, the evidence shows that plaintiff had previously worked on the sign and had been warned of the presence of the wire by his co-worker. He admitted that he knew of the existence of the wire but thought that he could safely work around it. We believe plaintiff's conduct evidenced " . . . a tragic lapse of attention to a known danger . . . " and thereby constituted contributory negligence as a matter of law. See also *Bogle v. Power Co.*, 27 N.C. App. 318, 219 S.E. 2d 308 (1975), *discretionary review den.*, 289 N.C. 296, 222 S.E. 2d 695 (1976).

For the reasons stated above, the summary judgment is

Affirmed.

Judges CLARK and ARNOLD concur.