DANIEL E. WILLIAMS v. CAROLINA POWER & LIGHT COMPANY

No. 7720SC545

(Filed 18 April 1978)

**Electricity § 8— ladder coming into contact with power lines—contributory negligence of plaintiff**

In an action to recover for damages sustained by plaintiff when a ladder which he was handling came in contact with an electrical line maintained by defendant, summary judgment was properly entered for defendant where it appeared that plaintiff knew of the presence of the wires, cautioned his co-worker not to allow the ladder to contact the wires, and was himself negligent in touching the wire with the ladder.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 2 March 1977, in Superior Court, ANSON County. Heard in the Court of Appeals 31 March 1978.

In summary the pertinent allegations of plaintiff's complaint are as follows:

On 22 January 1973, plaintiff undertook to repair a gutter on a house belonging to Frank Tucker. In order to repair the gutter, plaintiff had to place an aluminum ladder, 30 feet long, against the house. During the progress of plaintiff's work, the ladder came in contact with uninsulated lines and wires maintained by defendant. Defendant was negligent in maintaining uninsulated, high voltage power lines, at such a place and at such height, and in failing to warn plaintiff or Frank Tucker of the dangerous wires. Plaintiff sought $400,000 actual damages and $1,200,000 in punitive damages.

Defendant answered and averred, among other things, that plaintiff was contributorily negligent in attempting to take down the 36' aluminum ladder which had been wired so as not to be collapsible. Pursuant to G.S. 1A-1, Rule 56, defendant moved for summary judgment and, from summary judgment for defendant, plaintiff appeals.

*Henry T. Drake for plaintiff appellant.*

*Fred D. Poisson and E. Avery Hightower for defendant appellee.*

ARNOLD, Judge.

The sole question for consideration on this appeal is whether the trial judge properly entered summary judgment for defendant. Under G.S. 1A-1, Rule 56, summary judgment is proper where there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, rehearing denied, 281 N.C. 516, --- S.E. 2d --- (1972). In a negligence action, summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury. *Bogle v. Power Co.*, 27 N.C. App. 318, 219 S.E. 2d 308 (1975), *cert. denied* 289 N.C. 296, 222 S.E. 2d 695 (1976).

Our courts, in *Floyd v. Nash*, 268 N.C. 547, 151 S.E. 2d 1 (1966) (per curiam), and *Lambert v. Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied* 292 N.C. 265, 233 S.E. 2d 392 (1977), have dealt with problems similar to the one before us. In *Floyd*, plaintiff's intestate died as a result of electrical shock when the blower tank of his truck came in contact with the uninsulated electrical wires of the defendant power company. The court, in affirming a judgment of nonsuit for each defendant, held that plaintiff's intestate was contributorily negligent as a matter of law.

"Even if negligence by either of these defendants could reasonably be inferred upon the evidence in this record, the evidence leads inescapably to the conclusion that the deceased . . . was guilty of contributory negligence. Knowing of the presence of the power line, and having filled this tank on many previous occasions, the deceased, for some unknown reason, permitted the metal blower pipe . . . to come in contact with the power line. This tragic lapse of attention to a known danger in the immediate vicinity must be deemed negligence by the deceased." 268 N.C. at 551, 151 S.E. 2d at 4.

In *Lambert, supra,* plaintiff sustained serious injuries as a result of electrical shock while he was putting a new facing on an outdoor advertising sign. Again, the evidence showed that plaintiff was aware of the electrical wire but misjudged how close he was to it. This Court held that plaintiff was contributorily negligent as a matter of law and affirmed summary judgment in favor of defendant.

Based on these cases, we conclude that the trial court properly granted summary judgment for defendant. While it appears that plaintiff in this case, unlike the injured parties in *Floyd* and *Lambert,* had not been to the scene of the accident before the day of the injury, it is clear from the record that he had knowledge of the presence of the wires. In a deposition of the plaintiff which was submitted in support of defendant's motion, the plaintiff stated:

"Q. Did you see the wires?

"A. Yes, sir.

"Q. Did you and Mr. Vickery [plaintiff's co-worker] talk about those wires?

"A. The best I remember, I told him to make sure that we didn't let the ladder hit the wires.

"Q. Why did you tell him that?

"A. Well, I don't want to hit a wire no matter where it's at, you know, with a ladder.

"Q. You know what it can do to you?

"A. Yes, sir."

Since plaintiff had previously cautioned his co-worker not to allow the ladder to contact the wires, his own conduct thereafter in removing the ladder is evidence which establishes a "tragic lapse of attention to a known danger," *Floyd v. Nash, supra,* and constituted negligence as a matter of law. *See also Bogle v. Power Co., supra.*

Summary judgment for defendant is, therefore

Affirmed.

Judges MORRIS and MARTIN concur.