ROBERT A. McCLAIN AND MARCIA G. OSWALD, PLAINTIFFS v. MARY K. WALKER, A/K/A WALKER REALTY ASSOCIATES, RE/MAX REALTY ASSOCIATES, WILMER C. WALDROP, AND VIRGINIA WALDROP, DEFENDANTS

WILMER C. WALDROP AND VIRGINIA WALDROP, THIRD-PARTY PLAINTIFFS v. MARY K. WALKER AND PIERRE L. WALKER, EACH INDIVIDUALLY AND T/A AND D/B/A RE/MAX REALTY ASSOCIATES AND WALKER REALTY ASSOCIATES, THIRD-PARTY DEFENDANTS

No. COA96-188

(Filed 17 December 1996)

1. **Trial § 38 (NCI4th)— summary judgment—no genuine issue of material fact**

    Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C.R. Civ. P. 56(c).

    **Am Jur 2d, Summary Judgment §§ 26, 27.**

2. **Vendor and Purchaser § 41 (NCI4th)— breach of contract—factual issue regarding description of property— intention of parties—summary judgment improper**

    Summary judgment in favor of defendant sellers in a breach of contract claim arising from the sale of real estate was im-

proper where the plaintiff buyers' evidence established that an issue of fact existed regarding whether the parties intended for the description in the deed book to control their agreement.

**Am Jur 2d, Vendor and Purchaser §§ 380-386.**

3. **Brokers and Factors § 61 (NCI4th)— fraud—unfair and deceptive trade practices—material misrepresentation— summary judgment improper**

The trial court erred in granting defendant realtor's summary judgment motion on the plaintiff buyers' fraud and unfair and deceptive trade practices claim where the plaintiffs' forecast of evidence established that issues of fact existed regarding whether the realtor made material misrepresentations to or concealed material facts from the plaintiffs about the property by using the description of the original tract in the plaintiffs' offer to purchase after two portions of the original tract had been conveyed.

**Am Jur 2d, Brokers §§ 83 et seq.**

4. **Brokers and Factors § 57 (NCI4th)— summary judgment improper—third-party claim—sellers potentially liable as a result of claim against realtor**

Summary judgment against the defendant sellers was improper on their crossclaim and third-party claim for negligence against a real estate broker because the plaintiff buyers' breach of contract claim against the defendant sellers could expose the sellers to liability stemming from the realtor's alleged negligence.

**Am Jur 2d, Brokers §§ 101 et seq.**

Appeal by plaintiffs and third-party plaintiffs from orders entered 31 August 1995 by Judge Russell J. Lanier in Onslow County Superior Court. Heard in the Court of Appeals 23 October 1996.

*Chestnutt, Clemmons & Thomas, P.A., by Gary H. Clemmons, for plaintiffs-appellants.*

*Ellis, Hooper, Warlick, Morgan & Henry, by John P. Swart, for defendants-appellees Waldrops.*

*Sumrell, Sugg, Carmichael & Ashton, by Scott C. Hart, for defendants-appellees Walkers.*

McCLAIN v. WALKER

[124 N.C. App. 765 (1996)]

WALKER, Judge.

In April, 1991, Wilmer and Virginia Waldrop (the Waldrops) listed their property for sale with Mary K. Walker (Walker), t/a and d/b/a Re/Max Realty Associates and Walker Realty Associates (Walker Realty). Soon thereafter, Walker brought Robert McClain (McClain), a prospective purchaser, to view the Waldrop property. At that time, Mr. Waldrop pointed out to McClain generally where the boundaries of the property were. On 24 April 1991, McClain and his wife made an offer to purchase the property for $250,000.00. The Offer to Purchase and Contract, prepared by Walker, stated the address of the property as "Rt. 1, Box 217AA, Maple Hill, N.C.," and the description of the property as "Metes & bounds as recorded In Deed Book 573, Page 636, Onslow County Registry." (R. at 55). According to McClain, when he asked why the house and other buildings on the property were not mentioned in the offer, Walker responded that the "metes and bounds description of property is the most accurate description of property that can be used in the real estate industry." (R. at 255).

The McClains' offer was accepted by the Waldrops subject to an appraisal of the property and a change in the occupancy date. The McClains applied for a VA loan which also required that the property be appraised. The VA appraisal was $120,000.00, and Walker told McClain that this appraisal value was low because it only included the house and five acres, and not the entire tract. As a result of the VA appraisal, on 11 June 1991, Walker prepared a second offer to purchase the property in the amount of $235,000.00. This offer, which recited the same address and description as the first offer, was also accepted by the Waldrops.

Prior to the date of the second offer, the Waldrops conveyed two tracts that were included in the description of the original tract recorded in Deed Book 573, Page 636. A 1.0 acre tract, known as the "Dorn tract," was sold on 23 May 1984, and a 1.93 acre tract, known as the "Thorne tract," was sold on 10 May 1991. However, despite the fact that the Waldrops sold these two tracts, the description in both of the McClains' offers to purchase remained the same. McClain maintains that he was never informed by Walker or the Waldrops that the description contained in his offers did not include the Dorn and Thorne tracts, and that he believed he purchased all the property described in Deed Book 573, Page 636.

The McClains filed this action against Walker individually, Walker Realty, and the Waldrops for breach of contract, fraud, and unfair and

deceptive trade practices. The Waldrops filed a crossclaim and third-party complaint against Mary and Pierre Walker individually and Walker Realty alleging negligence in the preparation of the second offer to purchase and seeking contribution or indemnity. Subsequently, the trial court ordered the McClains to provide a more definite statement in support of their claims of fraud and unfair and deceptive trade practices by the Waldrops. In their statement, the McClains excluded any fraud or unfair and deceptive trade practices claims against the Waldrops. After a hearing, the trial court granted summary judgment in favor of the Waldrops on the McClains' breach of contract claim and in favor of Walker and Walker Realty on the McClains' fraud and unfair and deceptive trade practices claims. The trial court also granted summary judgment in favor of the Walkers and Walker Realty on the Waldrops' crossclaim and third-party complaint.

The McClains contend the trial court erred in granting summary judgment arguing that an issue of fact exists regarding whether the Waldrops, through their selling agent, Walker, breached their contract with the McClains to sell the property described in Deed Book 573, Page 636, and also that Walker knowingly made material misrepresentations to or concealed material facts from the McClains about this property by using the description of the original Waldrop tract in the McClains' offers to purchase after the Dorn and Thorne tracts had been conveyed. Additionally, the Waldrops contend the trial court erred by granting summary judgment on their crossclaim and third-party complaint because an issue of fact exists as to whether Walker was negligent in the preparation of the second offer to purchase.

**[1]** Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The party moving for summary judgment has the burden of establishing the lack of any triable issue. *Builders Supply Co. v. Eastern Associates*, 24 N.C. App. 533, 536, 211 S.E.2d 472, 474-75 (1975). In passing on a motion for summary judgment, the trial court "must consider the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial." *Snipes v. Jackson*, 69 N.C. App. 64, 72, 316 S.E.2d 657, 661, *appeal dismissed and cert. denied*, 312 N.C. 85, 321 S.E.2d 899 (1984).

McCLAIN v. WALKER

[124 N.C. App. 765 (1996)]

**[2]** At summary judgment, the evidence presented, when viewed in the light most favorable to the McClains, established that an issue of fact exists regarding whether the parties intended for the description in Deed Book 573, Page 636 to control their agreement.

> Where issues surrounding the interpretation of the terms of a contractual agreement are concerned, the generally accepted rule is that the intention of the parties controls, and the intention can usually be determined by considering the subject matter of the contract, language employed, the objective sought and the situation of the parties at the time when the agreement was reached. . . . [I]f the terms employed are subject to more than one reasonable meaning, the interpretation of the contract is a jury question.

*Robertson v. Hartman*, 90 N.C. App. 250, 252-53, 368 S.E.2d 199, 200 (1988). Thus, summary judgment on the McClains' breach of contract claim against the Waldrops was improper.

**[3]** To survive Walker's motion for summary judgment on the claims for fraud and unfair and deceptive trade practices against her and Walker Realty, the McClains only needed to forecast evidence that (1) Walker made a definite and specific representation to McClain that was materially false; (2) Walker made the representation with knowledge of its falsity; and (3) the McClains reasonably relied on the representation to their detriment. *See Kent v. Humphries*, 50 N.C. App. 580, 588, 275 S.E.2d 176, 182, *modified and aff'd*, 303 N.C. 675, 281 S.E.2d 43 (1981). When viewed in the light most favorable to the McClains, the evidence presented established that issues of fact exist regarding whether Walker made material misrepresentations to or concealed material facts from the McClains about the property by using the description of the original Waldrop tract in the McClains' offers to purchase after the Dorn and Thorne tracts had been conveyed. Because the McClains' evidence supported their fraud claim against Walker, it also supported their unfair and deceptive trade practices claims. *Id.* at 589, 275 S.E.2d at 183. Thus, summary judgment on these issues was also improper.

**[4]** We next address the Waldrops' crossclaim and third-party complaint. Walker, as the Waldrops' selling agent, owed a duty to the Waldrops to exercise the reasonable care and skill ordinarily used by others engaged in a similar undertaking, or face liability for all damages caused by her negligence. *Carver v. Lykes*, 262 N.C. 345, 354-55,

137 S.E.2d 139, 147 (1964). Because the McClains' breach of contract claim against the Waldrops could expose them to liability stemming from Walker's alleged negligence, the Waldrops' claim against the Walkers for negligence must survive. Thus, summary judgment on this issue was also improper.

Reversed.

Judges LEWIS and SMITH concur.