NICK v. BAKER

[125 N.C. App. 568 (1997)]

LINDA HENSLEY NICK, Plaintiff v. PENNY H. BAKER AND L. FAYE CAMPBELL, Co-
Executrixes of the Estate of MAMIE H. WISEMAN (Deceased); DONNIE RAY
BAKER; PENNY H. BAKER; CHRISTOPHER M. BAKER; L. FAYE CAMPBELL,
Individually; IGNAZIO LACHINA and wife, BARBARA LACHINA; LORA B.
GREENE; and INVESTORS TITLE INSURANCE COMPANY, Defendants

No. COA96-509

(Filed 4 March 1997)

**1. Deeds § 97 (NCI4th)—covenant against encumbrances—
summary judgment improper**

Summary judgment was improperly entered for defendants in
plaintiff's action for breach of a covenant against encumbrances
where defendants conveyed realty to plaintiff by warranty deed;
the record failed to show whether plaintiff's property or property
containing a perpetual easement in a roadway was subject to an
undiscovered deed of trust; and defendants failed to controvert
plaintiff's assertion that her property was encumbered by a deed
of trust at the time it was sold to her.

**Am Jur 2d, Covenants, Conditions, and Restrictions
§§ 74, 75, 89.**

**2. Attorneys at Law § 50 (NCI4th)— negligent title search—
failure to allege specific damages—summary judgment
improper**

It was improper for the trial court to grant summary judg-
ment in favor of defendant attorney on plaintiff's claim for negli-
gence in searching a title because plaintiff's complaint did not
allege specific damages since plaintiff is entitled to at least nom-
inal damages if she proves her case against defendant, and her
complaint need not allege damages at all.

**Am Jur 2d, Judgments §§ 203, 205, 495.**

**Allowance of punitive damages in action against attor-
ney for malpractice. 13 ALR4th 95.**

**3. Insurance § 883 (NCI4th)— title insurance—breach of con-
tract—summary judgment improper**

Summary judgment in favor of defendant title insurance com-
pany was improperly granted on a breach of contract claim
where plaintiff alleged that defendant breached a contract by fail-
ing to take measures to obtain marketable title, and issues of fact

remained as to the terms of the title insurance policy, what actions, if any, were taken by defendant, and the basic facts underlying any possible encumbrance of property purchased by plaintiff.

**Am Jur 2d, Insurance §§ 525 et seq.**

**Misrepresentation or concealment by insured or agent avoiding liability by title insurer. 17 ALR4th 1077.**

Appeal by plaintiff from judgment entered 8 February 1996 by Judge Julius A. Rousseau, Jr. in Yadkin County Superior Court. Heard in the Court of Appeals 29 January 1997.

*Brewer and Brewer, by Graham T. Green, for plaintiff-appellant.*

*E. James Moore for defendant-appellee Lora B. Greene.*

*Zachary Zachary and Zachary, by Walter L. Zachary, for defendant-appellee Investors Title Insurance Company.*

*No brief filed for defendant-appellees Ignazio and Barbara LaChina.*

LEWIS, Judge.

Plaintiff appeals the trial court's grant of summary judgment in favor of defendants.

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c) (1990). The record should be viewed in the light most favorable to the non-movant. *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 8, 472 S.E.2d 358, 362 (1996).

The record before us consists of verified pleadings and affidavits. These tend to show that on 14 September 1993, defendants Ignazio and Barbara LaChina ("the LaChinas") sold a parcel of land in South Fall Creek Township to plaintiff by general warranty deed. The deed included a perpetual easement along a dirt road. Prior to the conveyance, plaintiff hired defendant Lora B. Greene, an attorney, to conduct a title search on the parcel. Defendant Greene issued a written title opinion certifying that the LaChinas owned the land in fee simple, that it was free from encumbrances and that it included a per-

petual easement. Plaintiff also purchased a title insurance policy from defendant Investors Title Insurance Company ("Investors Title") on the property.

About 13 months after purchasing the property, plaintiff received a Notice of Foreclosure, which was the first she knew that a lien, in the form of a deed of trust, existed on the land she bought. She filed this action on 18 May 1995 alleging malpractice against defendant Greene, breach of contract against defendant Investors Title, and breach of warranties against the LaChinas and the remaining defendants. Thereafter, on 9 November 1995, the outstanding deed of trust was cancelled of record. In January 1996, defendants moved for summary judgment which was granted by judgment entered 8 February 1996.

## Breach of Warranties

[1] Since plaintiff concedes on appeal that the trial court properly granted summary judgment in favor of the Bakers and Ms. Campbell, her only remaining breach of warranties claim is against the LaChinas. Because the LaChinas have not properly borne their burden, we hold that the trial court erred in granting summary judgment in their favor.

"The party moving for summary judgment has the burden of establishing the lack of any triable issue." *McClain v. Walker*, 124 N.C. App. 765, 768, 478 S.E.2d 670, 673 (1996). The "slightest doubt as to the facts" entitles the non-movant to a trial. *Snipes v. Jackson*, 69 N.C. App. 64, 72, 316 S.E.2d 657, 661, *disc. review denied*, 312 N.C. 85, 321 S.E.2d 899 (1984). Summary judgment "is an extreme remedy and should be awarded only where the truth is quite clear." *Lee v. Shor*, 10 N.C. App. 231, 233, 178 S.E.2d 101, 103 (1970).

Based on the record we have before us, we conclude that the LaChinas have not properly established the lack of any triable issues, as the facts in this case are not clear. The record does not contain a map of the property subject to the deed of trust. We have no way of knowing whether it was plaintiff's own property or the property containing her easement. The verified pleadings and affidavits provide no answer to this question. Since the truth is not "quite clear" and we have more than a slight doubt as to the facts, summary judgment cannot be granted.

Additionally, the LaChinas have not borne their burden because they have not shown that they are entitled to judgment as a matter of

law. In support of their motion for summary judgment, defendants submitted affidavits that the deed of trust was paid in full and that plaintiff was never deprived of her easement over the roadway. However, plaintiff's affidavit in reply to the motion asserts: "Subsequent to receiving the warranty deed, I learned that the subject property, in fact, was not free and clear of all encumbrances and there was a valid lien against the property."

"Facts asserted by the party answering a summary judgment motion must be accepted as true." *Railway Co. v. Werner Industries*, 286 N.C. 89, 98, 209 S.E.2d 734, 739 (1974). Therefore, since it has not been disproved by any of defendants' documents in support of summary judgment, we must assume that plaintiff's property was encumbered at the time it was sold to her. If so, defendants LaChina breached the covenant against encumbrances at the time the deed passed hands. *See Thompson v. Avery County*, 216 N.C. 405, 408, 5 S.E.2d 146, 148 (1939). Plaintiff would therefore be entitled to damages equal to the amount she paid to have the lien removed, if proved. *See id.* at 409, 5 S.E.2d at 148.

Since clearly there are still triable issues of fact, summary judgment in favor of the LaChinas is improper at this stage of the proceedings. At oral argument, Mr. LaChina contended *pro se* that he had done no wrong. It is not contended that the LaChinas knowingly undertook to cheat anyone. However, they signed a deed with warranties and promised therein to "warrant and defend the title."

### Negligence

[2] Plaintiff asserts that summary judgment in favor of defendant Greene was also improper. She alleges that defendant Greene's title search of the property at issue was negligent and that an issue of fact remains as to the damages she suffered. Defendant Greene contends that summary judgment was proper because plaintiff failed to specifically allege what damages, if any, she suffered as a result of the alleged breach.

We first note that summary judgment is rarely appropriate in negligence cases. *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972). Secondly, we note that a plaintiff in a negligence action can recover nominal damages "where some legal right has been invaded but no actual loss or substantial injury has been sustained." *Title Ins. Co. of Minn. v. Smith, Debnam, Hibbert and Pahl*, 119 N.C. App. 608, 611, 459 S.E.2d 801, 804 (1995), *aff'd in part*, 342 N.C. 887, 467 S.E.2d

NICK v. BAKER

[125 N.C. App. 568 (1997)]

241 (1996). This is especially true in cases where professional negligence is alleged and the "redress of the wrong may be no more than the showing, in court, that the attorney did not do his job." *Id.*

Since plaintiff's complaint properly pleads negligence and she is entitled to at least nominal damages if she can prove her case against defendant Greene, her complaint need not allege damages at all. *See Matthews v. Forrest*, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952) (recognizing this in the context of a trespass claim). Therefore, any arguments that plaintiff failed to sufficiently allege damages against defendant Greene are irrelevant and, as triable issues remain, her claim may go forward. The trial court's grant of summary judgment in favor of defendant Greene is reversed.

### Breach of Contract

[3] Plaintiff finally argues that the trial court erred in granting summary judgment for Investors Title on her breach of contract claim. Because we find that issues of material fact remain in this claim, we reverse this ruling of the trial court.

In her verified complaint, plaintiff alleges that she purchased a policy from Investors Title which insured that she had marketable title. She further alleges that Investors Title breached this contract by failing to take measures to obtain marketable title. Subsequently, all defendants moved for summary judgment, supported by affidavits stating that the deed of trust was cancelled and that plaintiff was never denied use of her easement. Investors Title provided no other supporting affidavits.

Based on the record, we conclude that Investors Title has not borne its burden in summary judgment. Issues of fact remain as to the terms of the policy, what actions, if any, were taken by Investors Title, and, as we pointed out above, the basic facts underlying any possible encumbrance of plaintiff's property. Again, based on the record before us, it is too early in this proceeding for summary judgment on this claim.

In summary, the trial court's grant of summary judgment is affirmed as to the Bakers and Ms. Campbell and reversed as to the LaChinas, Ms. Greene and Investors Title.

Reversed in part and affirmed in part.

Judges WALKER and MARTIN, MARK D. concur.