DANIEL E. WILLIAMS v. CAROLINA POWER & LIGHT COMPANY

No. 52

(Filed 4 January 1979)

1. **Electricity § 5— power company's duty to insulate wires—issue of material fact—summary judgment improper**

    In an action to recover for damages sustained by plaintiff when a ladder which he was handling came in contact with electrical wires maintained by defendant, there was a genuine issue as to a material fact relating to defendant's duty to insulate the wires, and summary judgment was improper on the ground that defendant was not negligent as a matter of law.

2. **Electricity § 7.1— ladder coming into contact with power lines—proximate cause—foreseeability**

    Where plaintiff, while repairing a house gutter, sustained injuries when his ladder came in contact with electrical wires maintained by defendant, reasonable minds could differ as to whether it was foreseeable that plaintiff's injury could result from defendant's alleged negligence, and defendant was not entitled to summary judgment on the ground that its negligence, if any, was not the proximate cause of the plaintiff's injuries.

3. **Electricity § 8— ladder coming into contact with power lines—no contributory negligence of plaintiff as matter of law**

    In an action to recover for damages sustained by plaintiff when a ladder which he was handling came in contact with electrical wires maintained by defendant where plaintiff offered evidence that he took due care to avoid the wires, that the ladder hit the wires due to an unavoidable accident, and that the ground at the scene of the accident was sloping, defendant was not entitled to summary judgment on the ground that the evidence showed that plaintiff was contributorily negligent as a matter of law.

    Chief Justice SHARP dissents.

    Justices BRITT and BROCK took no part in the consideration or decision of this case.

THIS Court granted plaintiff's petition for discretionary review of the judgment of *Wood, J.* entered in the 28 February 1977 Session of ANSON County Superior Court.

The facts of the case are as follows:

On 22 January 1973 the plaintiff was hired by Frank Tucker to repair a piece of guttering that had come loose from the roof at the rear of his house. The plaintiff went to Mr. Tucker's house about noon that same day with a helper, Harold Vickery. He brought an aluminum ladder to enable him to get onto the roof to make the repairs.

The plaintiff and his helper laid the ladder on the ground and extended it. As it was still not long enough, they wired an additional section onto the ladder. The plaintiff noticed two electrical wires, one beneath the other, running near the roof of the house. Realizing that they were main wires, he warned his helper not to let the ladder hit the wires.

They placed the ladder against the house by "walking it up," and the plaintiff climbed onto the roof and repaired the piece of guttering. His helper was on the ground holding the ladder. Although there is some dispute over the following events, plaintiff's evidence is that he climbed down the ladder. Mr. Tucker came out of his house and was going to help the plaintiff and his assistant take the ladder down. The three of them got the ladder turned and balanced straight up in the air away from the house, ready to be "walked down."

Mr. Tucker was then called into the house to answer a telephone call. Before plaintiff and his helper started taking the ladder down, the plaintiff was knocked unconscious, evidently because the ladder hit the electrical wires. The Rescue Squad was called, and the plaintiff was taken to the hospital.

Other facts relevant to the decision will be included in the opinion below.

*Henry T. Drake for the plaintiff.*

*Fred D. Poisson and E. Avery Hightower for the defendant.*

COPELAND, Justice.

The only issue presented for review in this case is whether the entry of summary judgment in favor of the defendant was proper. The Court of Appeals held that it was. *Williams v. Carolina Power & Light Co.*, 36 N.C. App. 146, 243 S.E. 2d 143 (1978) (*Arnold, J.,* concurred in by *Morris* and *Martin, JJ.*). As this Court has determined that the motion was erroneously granted, we must reverse.

When a party moves for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure, the court must first determine whether there are genuine issues as to any material facts and then whether the movant is entitled to judgment as a matter of law. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). We have emphasized that summary judgment is a drastic measure, and it should be used with caution. *Id.* This is especially true in a negligence case in which a jury ordinarily applies the reasonable person standard to the facts of each case. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

The defendant first claims that it was entitled to summary judgment because the undisputed facts show it was not negligent as a matter of law. We cannot agree.

[1] The ·plaintiff alleged, *inter alia,* that the defendant was negligent by not insulating the wires running near Mr. Tucker's roof. While it is not negligence *per se* to use uninsulated wires, the rule in this jurisdiction was aptly stated in *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849 (1952).

"That the duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires, is only reasonable. Therefore, the law does not compel companies to insulate . . . their wires everywhere, but only at places where people may legitimately go for work, business, or pleasure, that is, where they may be reasonably expected to go." *Id.* at 314, 69 S.E. 2d at 857 (quoting 18 Am. Jur. *Electricity* § 97 (1938) ).

There is a discrepancy in the parties' evidence as to the distance between the wires and Mr. Tucker's roof. This factual determination would certainly have some bearing on the foresee-

ability of a person coming into contact with the wires. Thus, there is a genuine issue as to a material fact relating to defendant's duty to insulate the wires, and summary judgment is improper on the ground that defendant was not negligent as a matter of law.

[2] Defendant next contends that summary judgment was properly granted because the facts show that its negligence, if any, was not the proximate cause of plaintiff's injuries.

This Court has held that as a matter of law a power company's alleged negligence is sometimes not the proximate cause of injuries resulting from a person's contact with electrical wires. The test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant. *Davis v. Carolina Power & Light Co.*, 238 N.C. 106, 76 S.E. 2d 378 (1953); *Hall v. Coble Dairies, Inc.*, 234 N.C. 206, 67 S.E. 2d 63 (1951).

We have held it to be unforeseeable as a matter of law that a metal line, which came in contact with a power company's wires, would be used to fly a kite, *Pugh v. Tidewater Power Co.*, 237 N.C. 693, 75 S.E. 2d 766 (1953), or that a person would be electrocuted when he attempted to disengage electrical wires that had become tangled in a tree he had chopped down. *Deese v. Carolina Power & Light Co.*, 234 N.C. 558, 67 S.E. 2d 751 (1951).

However, it is only in exceptional cases, in which reasonable minds cannot differ as to foreseeability of injury, that a court should decide proximate cause as a matter of law. "[P]roximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case." W. Prosser, Torts § 45 (4th ed. 1971) (quoting *Healy v. Hoy*, 115 Minn. 321, 132 N.W. 208 (1911)). *See also Lynch v. Carolina Telephone and Telegraph Co.*, 204 N.C. 252, 167 S.E. 847 (1933).

These facts do not present such an exceptional case. It is not unforeseeable as a matter of law that the type of injury that occurred in this case would result from defendant's alleged negligence. Reasonable minds could differ; therefore, the question must be determined by the jury. Summary judgment is improper under this argument.

**[3]** The defendant's final argument is that it is entitled to summary judgment because the evidence shows that plaintiff was guilty of contributory negligence as a matter of law.

It has long been the law in this State that "[t]he burden of showing contributory negligence . . . is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary . . . to rely, in whole or in part, on evidence offered for the defense." *Battle v. Cleave & Rogers,* 179 N.C. 112, 114, 101 S.E. 555, 556 (1919). The motion for summary judgment and the motion for a directed verdict, formerly nonsuit, are functionally very similar. *Dendy v. Watkins,* 288 N.C. 447, 219 S.E. 2d 214 (1975).

It is well settled that when a person is aware of an electrical wire and knows that it is or may be highly dangerous, he has a legal duty to avoid coming in contact with it. *See, e.g., Floyd v. Nash,* 268 N.C. 547, 151 S.E. 2d 1 (1966); *Alford v. Washington,* 244 N.C. 132, 92 S.E. 2d 788 (1956). That does not mean, however, that a person is guilty of contributory negligence as a matter of law if he contacts a known electrical wire regardless of the circumstances and regardless of any precautions he may have taken to avoid the mishap. *See generally Bowen v. Constructors Equipment Rental Co.,* 283 N.C. 395, 196 S.E. 2d 789 (1973); *Lewis v. Barnhill,* 267 N.C. 457, 148 S.E. 2d 536 (1966). The following cases, *Floyd v. Nash, supra,* and *Bogle v. Duke Power Co.,* 27 N.C. App. 318, 219 S.E. 2d 308 (1975), *cert. denied,* 289 N.C. 296, 222 S.E. 2d 695 (1976) are distinguishable because in those cases there was no evidence of due care taken by plaintiffs' intestate to avoid the wires.

Furthermore, there is an inference raised by this plaintiff's evidence that the ladder hit the wires due to an unavoidable accident. "As a general rule, one who has capacity to understand and avoid a known danger and fails to take advantage of that opportunity . . . is chargeable with contributory negligence." *Presnell v. Payne,* 272 N.C. 11, 13, 157 S.E. 2d 601, 602 (1967).

Plaintiff testified through his deposition that the land behind Mr. Tucker's house was sloping. The plaintiff, his assistant and

Mr. Tucker were all balancing the ladder away from the house when Mr. Tucker was called away to answer a telephone call.

Defendant presented evidence to the contrary. Thus, a question of fact is raised which must be resolved by the jury. "If the evidence is conflicting on issues of negligence and contributory negligence, such are issues of fact and require jury determination. These issues may not be answered by the court as a matter of law." *Southern Railway Co. v. Woltz*, 264 N.C. 58, 60, 140 S.E. 2d 738, 739 (1965). The trial court's grant of summary judgment for the defendant was improper in this case.

For the reasons set out above, the opinion of the Court of Appeals is reversed, and the case is remanded for trial on the merits.

Reversed and remanded.

Chief Justice SHARP dissents.

Justices BRITT and BROCK took no part in the consideration or decision of this case.