LOUWANNA W. HALE, ADMINISTRATRIX OF THE ESTATE OF NELSON LUCAS HALE, JR., DECEASED v. DUKE POWER COMPANY, A CORPORATION

No. 7826SC393

(Filed 6 March 1979)

1. **Electricity §§ 5.1, 8— ladder touching uninsulated wires—duty to insulate—contributory negligence—question of fact**

In an action to recover for the death of plaintiff's husband which occurred when an aluminum ladder he was handling came into contact with uninsulated wires maintained by defendant, the trial court erred in granting summary judgment for defendant where there were genuine issues of fact as to whether (1) defendant had a duty to insulate the high voltage wires in such close proximity to a house which would obviously need maintenance, such a paint, and (2) deceased knew or should have known of the presence of the wire located three feet, ten inches from the side of his house.

2. **Electricity § 4— duty required of electricity supplier**

A supplier of electricity owes the highest degree of care because of the very dangerous nature of electricity and the serious and often fatal consequences of negligent default in its control and use.

Hale v. Power Co.

APPEAL by plaintiff from *Ferrell, Judge*. Order entered 5 January 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 February 1979.

Plaintiff administratrix brings this action to recover for the death of her husband, alleging that defendant's negligence caused his electrocution. On 28 October 1972, Nelson L. Hale, Jr., the decedent, was painting the trim on his house, using an aluminum extension ladder. In maneuvering the ladder Hale brought it into contact with one of defendant's nearby electric lines. Hale was severely injured and remained in intensive care until his death on 16 November.

Plaintiff alleges that defendant was negligent in maintaining two high-voltage (7200 volts each) electrical distribution lines dangerously close to the Hale home; that the lines were uninsulated and were obscured by trees and shrubbery; that the lines were allowed to sag dangerously low; and that defendant violated State regulations regarding the manner in which electrical lines must be strung.

Defendant moved for summary judgment on the grounds that it was not negligent and that plaintiff's intestate was contributorily negligent, presenting a number of affidavits in support of its motion. Defendant's motion was granted and plaintiff appeals.

*Nelson M. Casstevens, Jr., for plaintiff appellant.*

*William I. Ward, W. Edward Poe, Jr., William E. Poe and Irvin W. Hankins III for defendant appellee.*

ARNOLD, Judge.

The question to be determined on a motion for summary judgment is whether there exists any genuine issue as to any material fact. G.S. 1A-1, Rule 56(c). Summary judgment for defendant, in a negligence action, is proper where the evidence fails to show negligence on the part of defendant, or where contributory negligence on the part of plaintiff is established, or where it is established that the purported negligence of defendant was not the proximate cause of plaintiff's injury. *Bogle v. Duke Power Co.*, 27 N.C. App. 318, 219 S.E. 2d 308 (1975), *cert. denied* 289 N.C. 296, 222 S.E. 2d 695 (1976). In the case at bar the

trial court improperly granted defendant's motion for summary judgment.

[1]    There was a genuine issue as to the material facts relevant to the issue of negligence on the part of defendant.

[2]    Our courts have repeatedly stated that a supplier of electricity owes the highest degree of care. *See Small v. Southern Public Utilities Co.*, 200 N.C. 719, 158 S.E. 385 (1931), and cases cited therein. This is not because there exists a varying standard of duty for determining negligence, but because of the "very dangerous nature of electricity and the serious and often fatal consequences of negligent default in its control and use." *Turner v. Southern Power Co.*, 154 N.C. 131, 136, 69 S.E. 767, 769 (1910). "The danger is great, and care and watchfulness must be commensurate to it." *Haynes v. The Raleigh Gas Co.*, 114 N.C. 203, 211, 19 S.E. 344, 346 (1894). "The standard is always the rule of the prudent man," so what reasonable care is "varies . . . in the presence of different conditions." *Small v. Southern Public Utilities Co., supra* at 722, 158 S.E. at 386.

[1]    We cannot agree with defendant's argument that the "prudent man" rule has been supplanted by the requirements of the National Electrical Safety Code, adopted in 1963 as Rule R8-26 of the North Carolina Utilities Commission. Even assuming that defendant complied with the Code, we cannot say that such compliance would make defendant free of negligence as a matter of law. Taking the evidence for the moment in the light most favorable to the defendant, the record shows that the wires here were 7200 volt distribution lines (a much higher voltage than that of the house service lines, which in this case carried 122 and 240 volts) which passed the east side of the Hale house 3'10" from the side of the house, and 22'7" above the ground, clearances which complied with the National Electrical Safety Code. The distribution line was uninsulated, also in compliance with the Code. The house was Tudor style and had two stucco and wood gables, the lowest 18' and the highest 24'8".

On these facts there is a genuine issue of material fact relating to defendant's duty to insulate the high voltage wires maintained in such close proximity to a house which would obviously need maintenance, such as paint. In *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 402, 250 S.E. 2d 255, 257 (1979),

our Supreme Court noted the rule in this jurisdiction with regard to the duty to insulate wires:

'That the duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires, is only reasonable. Therefore, the law does not compel companies to insulate . . . their wires everywhere, but only at places where people may legitimately go for work, business, or pleasure, that is, where they may be reasonably expected to go.' (cite omitted)

Moreover, we cannot say that the alleged negligence of defendant could not have been the proximate cause of Hale's injury. As noted in *Williams, supra* at 403, "it is only in exceptional cases, in which reasonable minds cannot differ as to foreseeability of injury, that a court should decide proximate cause as a matter of law. '[P]roximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' " The factual occurrences of this case do not present such an exceptional case, and it is for a jury to determine whether defendant did all it was required to do under the circumstances.

Addressing the issue of contributory negligence, our courts have upheld summary judgment on the ground of contributory negligence in previous cases of injuries from contact with power lines. *See Floyd v. Nash,* 268 N.C. 547, 151 S.E. 2d 1 (1966) (per curiam) and *Lambert v. Duke Power Co.,* 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied* 292 N.C. 265, 233 S.E. 2d 392 (1977). In these cases, however, the plaintiffs knew of the presence of the power lines, and plaintiff here would distinguish the case *sub judice* on the ground that the deceased had no knowledge of the existence of the power lines. She points to evidence that the deceased rarely went to the east side of the house, where the wires were located; that reeds, bamboo, shrubbery and cedar and deciduous trees grew underneath the power lines, hiding them from view; and that the line was no larger than an ordinary lead pencil.

Defendant, citing the principle that one is charged with knowledge of what he should have known, *Hedrick v. Akers,* 244 N.C. 274, 93 S.E. 2d 160 (1956), argues that the deceased had lived

in the house during the winter, when no foliage would have blocked his view of the wire; that others at the scene of the accident were able to see the wire in spite of the foliage; and that three utility poles were located on the eastern boundary of the property. Mr. Looper, who had sold the house to the Hales, testified that he had seen the wires while he was living in the house.

Clearly there exists a genuine issue as to whether deceased knew or should have known of the presence of the wire. Thus a question is presented for the jury. In addition, our Supreme Court pointed out in *Williams, supra* at 404, that it is not necessarily true "that a person is guilty of contributory negligence as a matter of law if he contacts a known electric wire regardless of the circumstances and regardless of any precautions he may have taken to avoid the mishap." If the granting of summary judgment was based on contributory negligence as a matter of law it was improper.

For reasons stated the judgment allowing defendant's motion for summary judgment is

Reversed.

Judges PARKER and WEBB concur.