MARCIA DIANE BROWN, ADMINISTRATRIX OF THE ESTATE OF JAMES W. BROWN, JR., DECEASED v. DUKE POWER COMPANY

No. 7923SC270

(Filed 4 March 1980)

1. Electricity § 5.1— uninsulated wires—no negligence of power company—electrocution not foreseeable

In an action to recover for the wrongful death of plaintiff's intestate who was electrocuted when a radio antenna he was carrying came into contact with one of defendant's uninsulated main distribution lines located over decedent's property, the trial court properly granted summary judgment in favor of defendant, since defendant did not breach any duty of care in failing to insulate transmission lines over decedent's property which were a minimum of 22 feet, 2 inches above the ground and approximately 12 to 14 feet away from the house, and since defendant, by placing the lines so high and so far from the house, provided ample clearance from any foreseeable human contacts.

2. Electricity § 8— radio antenna touching uninsulated wire—electrocution—contributory negligence of decedent

In an action to recover for the wrongful death of plaintiff's intestate who was electrocuted when a radio antenna he was carrying came into contact with a line maintained by defendant, plaintiff's intestate was contributorily negligent as a matter of law where the evidence presented on motion for summary judgment showed that the electric lines crossing above decedent's property pursuant to a valid easement were within plain view; decedent had lived in the house on the property for at least three years and was aware of the presence of the lines and had appreciation for the potential danger posed by

the lines; decedent had been explicitly warned about the wires by a co-worker; and decedent was aware that the antenna, when carried upright, would necessarily come within a few feet of the wires and that at some points the antenna would reach above the wires.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 15 December 1978 in Superior Court, WILKES County. Heard in the Court of Appeals 14 November 1979.

Plaintiff seeks to recover damages for the wrongful death of plaintiff's intestate, James W. Brown, Jr., who died of electrocution after the aluminum radio antenna he was carrying came near to or in contact with one of defendant's uninsulated main distribution lines located over decedent's property. In her complaint, plaintiff alleged negligence, gross negligence, and strict liability on the part of defendant, alleging that defendant failed to maintain and operate its high-voltage transmission lines with commensurate care. Defendant answered, denying liability, and as an affirmative defense averred that plaintiff was contributorily negligent.

Defendant made a motion for summary judgment, accompanied by supporting affidavits and one deposition. Plaintiff submitted certain affidavits in opposition to defendant's motion. On hearing, the court granted summary judgment in favor of defendant and dismissed plaintiff's claim. Plaintiff appealed.

*West and Groome, by Ted G. West and Edward H. Blair, Jr., for plaintiff appellant.*

*McElwee, Hall & McElwee, by William H. McElwee III, and W. Edward Poe, Jr., and William I. Ward, Jr., for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff assigns error to the trial court's summary disposition of her claim in favor of defendant and argues that genuine issues of material fact are presented as to defendant's liability. In order for defendant to prevail on motion for summary judgment under G.S. 1A-1, Rule 56, it must be clear from the materials presented that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419

(1979); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Summary judgment is recognized as a drastic remedy, and, particularly in cases involving the question of negligence or reasonable care, that remedy is an appropriate procedure only under exceptional circumstances. *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979); *Willis v. Duke Power Co.*, 42 N.C. App. 582, 257 S.E. 2d 471 (1979); *Gladstein v. South Square Assocs.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978), *cert. denied*, 296 N.C. 736, 254 S.E. 2d 178 (1979). However, "[i]n an action for wrongful death predicated on negligence, summary judgment for defendant is correct where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of the decedent, or determines that the alleged negligent conduct complained of was not the proximate cause of the injury." *Bogle v. Duke Power Co.*, 27 N.C. App. 318, 321, 219 S.E. 2d 308, 310 (1975), *cert. denied*, 289 N.C. 296, 222 S.E. 2d 695 (1976).

In the pleadings, affidavits, and other evidence available on motion for summary judgment there is presented no issue of material fact concerning the events that led to decedent's death. To the contrary, the materials establish the following undisputed facts: On 23 January 1976 decedent and his brother-in-law, Steve Walsh, assembled and were attempting to install a radio antenna in the front yard of decedent's residence. Decedent had lived there since 1972. Two of defendant's 7200 volt electric distribution lines ran above the property. One was located in front of decedent's house, and partially crossed the front yard. The closest distance from the ground to the wires was 22 feet, 2 inches. At the point where decedent came into contact with the wires, the wires were approximately 12 to 14 feet away from the house. The other line ran parallel along the left side of the house, and is not the subject of this action.

After assembly, the antenna was 22 feet, 10 inches long. When the two men got the antenna from the basement into the yard at the rear of the house, they discussed how to transport the antenna from the back of the house to the front yard, where it was to be installed. Steve Walsh testified by deposition as follows:

We then discussed how we were going to get the antenna to the front yard on account of all the wires around the house . . . James, Jr. (decedent) said that we couldn't bring the completed antenna around the house to the left because the wires that came down that side were so low. He said we could go around the carport end, the long way around, because the wires were real high around that way and you could get under them easily. I told him we would go whichever way he said since he knew more about the wires than I did . . . I told him that the antenna was so high that the wires would have to be up pretty high before we could go under them if the antenna were carried upright. James Brown, Jr. said that he was sure that we could get under the wires over the front of the house since they were real high around the carport into the house.

I told him about a man over at Hickory who was electrocuted as he attempted to set up a tower or a pipe by himself and he had let it fall over into some wires.

Walsh testified further that he walked around to the front of the house and passed under the lines, followed by decedent who was carrying the antenna upright less than a foot off the ground. Since the antenna was to be placed on the side of the yard opposite the two men, it was necessary to pass under the lines a second time. Walsh testified that as he watched decedent cross the yard and approach the wires, there arose a flash of light and fire, and decedent collapsed in the yard. Defendant also presented evidence by way of affidavit that the wires above decedent's property were constructed and maintained in accordance with the National Electrical Safety Code as adopted by the North Carolina Utilities Commission.

Plaintiff presented the affidavit of two engineers, both of whom expressed the opinion that the electric lines running above decedent's property were of "questionable engineering practice". Plaintiff also presented the affidavit of James W. Brown, Sr., who swore that while the house was under construction he had requested a Duke Power Company official to remove the wires running across the yard, but Duke Power refused. Aside from these affidavits, plaintiff produced no evidence which tends to contradict defendant's evidence.

We now consider whether, based on these facts, the trial court properly granted summary judgment in favor of defendant.

[1] Plaintiff first contends that summary judgment was improper inasmuch as there exists a genuine issue of material fact as to defendant's duty to insulate its transmission lines. The general duty of electric companies is that they are required "to exercise reasonable care in the construction and maintenance of their lines when positioned where they are likely to come in contact with the public." *Bogle v. Duke Power Co., supra,* 27 N.C. App. at 321, 219 S.E. 2d at 310. In *Williams v. Carolina Power & Light Co.,* 296 N.C. 400, 250 S.E. 2d 255 (1979), our Supreme Court adopted specific rules concerning the use of uninsulated wires by electric companies, which were first announced in *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849 (1952):

That the duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires, is only reasonable. Therefore, the law does not compel companies to insulate . . . their wires everywhere, but only at places where people may legitimately go for work, business, or pleasure, that is, where they may be reasonably expected to go.

296 N.C. at 402, 250 S.E. 2d at 257. Applying these principles, we must consider whether, as a matter of law, defendant exercised that degree of care in the operation and maintenance of its transmission lines that was reasonable and prudent under the circumstances of this case.

The evidence shows that the transmission lines maintained by defendant over decedent's property were a minimum of 22 feet two inches above the ground and approximately twelve to fourteen feet away from the house. In *Bogle v. Duke Power Co., supra,* a similar transmission line was suspended at a height of 22 feet and at a distance of 21 feet from the nearest structure. This Court held there that defendant had exercised reasonable care in the operation of its transmission lines and was not in breach of any duty of care. Based on our ruling in *Bogle* we now hold that defendant breached no duty to the decedent.

The facts before us are clearly distinguishable from the line of cases represented by *Williams v. Carolina Power & Light Co.,* *supra, Hale v. Duke Power Co.,* 40 N.C. App. 202, 252 S.E. 2d 265, *cert. denied,* 297 N.C. 452, 256 S.E. 2d 805 (1979), and *Willis v. Duke Power Co.,* supra. In *Hale,* the power line was shown to be three feet ten inches from the side of a house and approximately four feet above the house. The Court held that "[o]n these facts there is a genuine issue of material fact relating to defendant's duty to insulate the high voltage wires maintained in such close proximity to a house which would obviously need maintenance, such as paint." 40 N.C. App. at 204, 252 S.E. 2d at 267. The *Willis* Court adopted the same reasoning on an identical fact situation. In *Williams,* the Court noted a discrepancy in the parties' evidence as to the distance between the power lines and the house where plaintiff's injuries occurred.

In addition, we affirm the court's granting summary judgment for defendant on the ground that any negligence on the part of defendant was not the proximate cause of decedent's death resulting from his contact with the power lines. "The test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant." *Williams v. Carolina Power & Light Co., supra,* 296 N.C. at 403, 250 S.E. 2d at 258. Although proximate cause is ordinarily a question of fact for the jury, many courts have held that a person's contact with a power company's wires was unforeseeable as a matter of law. *See, e.g., Pugh v. Tidewater Power Co.,* 237 N.C. 693, 75 S.E. 2d 766 (1953); *Deese v. Carolina Power & Light Co.,* 234 N.C. 558, 67 S.E. 2d 751 (1951). *See also Williams v. Carolina Power & Light Co., supra.* We find no authority to support the proposition that defendant is required to foresee that some person may hold a metal antenna in the air in such a way as to come in contact with the high voltage wires. Given the height and position of defendant's transmission lines, we conclude that defendant had provided ample clearance from any foreseeable human contacts.

[2] Finally, we are of the opinion that summary judgment was proper on the ground that plaintiff's intestate was contributorily negligent as a matter of law. It is well established that the law imposes upon a person *sui juris* the duty to use ordinary care to protect himself from injury. *Rosser v. Smith,* 260 N.C. 647, 133

S.E. 2d 499 (1963). With respect to power lines in particular, "a person has a legal duty to avoid contact with an electrical wire of which he is aware and which he knows may be very dangerous." *Willis v. Duke Power Co.*, 42 N.C. App. 582, 593, 257 S.E. 2d 471, 478 (1979); *Williams v. Carolina Power & Light Co., supra.* We are aware that a person is not guilty of contributory negligence as a matter of law "if he contacts a known electric wire regardless of the circumstances and regardless of any precautions he may have taken to avoid the mishap." *Williams v. Carolina Power & Light Co., supra,* 296 N.C. at 404, 250 S.E. 2d at 258. However, a court must find contributory negligence as a matter of law where the undisputed evidence reveals that plaintiff has failed to exercise due care while approaching or working around electric lines despite being explicitly warned about the electric lines which subsequently injured him. *See Williams v. Carolina Power & Light Co., supra; Willis v. Duke Power Co., supra; Floyd v. Nash,* 268 N.C. 547, 151 S.E. 2d 1 (1966); *Lambert v. Duke Power Co.,* 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied,* 292 N.C. 265, 233 S.E. 2d 392 (1977); *Bogle v. Duke Power Co., supra.* This result naturally follows from the notion that one who has the capacity to understand and avoid a known danger and fails to take advantage of that opportunity is chargeable with contributory negligence. *Presnell v. Payne,* 272 N.C. 11, 157 S.E. 2d 601 (1967).

The uncontradicted evidence presented on motion for summary judgment shows that the electric lines crossing above the decedent's property pursuant to a valid easement were within plain view; that the decedent had lived in the house on the property for at least three years and was well aware of the presence of the power lines; and that decedent was aware of and had appreciation for the potential danger posed by the lines. The evidence also shows that decedent had been explicitly warned about the wires by a co-worker, having been told that a person had recently been electrocuted while raising a metal object near transmission lines of a similar nature. Further, it is implicit from the evidence that decedent was aware that the antenna, when carried upwright, would necessarily come within a few feet of the wires and that at some points the antenna would reach above the wires. Despite such knowledge and prior warning, decedent chose to carry the antenna upright and risk coming into contact with

the wires above him. This lapse of attention to a known danger constituted contributory negligence.

For the reasons stated above, the judgment is hereby

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.