Cole v. Duke Power Co.

JAMES A. COLE, JR., Administrator of the Estate of JAMES ANDERSON COLE, III v. DUKE POWER COMPANY

No. 8314SC191

(Filed 1 May 1984)

**Electricity § 5— electrocution in power company's cabinet—absence of warning signs—jury issue as to negligence**

The trial court erred in entering summary judgment for defendant power company in an action to recover for the death of plaintiff's intestate who was electrocuted when he entered a padmounted primary cabinet used in connection with defendant's electric distribution lines where plaintiff presented evidence tending to show that, although defendant placed locks on the cabinet, there were no signs warning of the high voltage contained in the cabinet; the cabinet was in a residential area in which children often played; it was a deviation from standard practice not to have warning signs posted on the cabinet; the National Electrical Safety Code requires that defendant post warning signs on the cabinet; and plaintiff's intestate made a statement before entering the cabinet that the wires were not dangerous.

APPEAL by plaintiff from *Preston, Judge.* Order entered 20 August 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 January 1984.

Plaintiff appeals from an order granting summary judgment for defendant in a negligence action. Plaintiff's intestate was electrocuted when he entered a padmounted primary cabinet, which was used in connection with defendant's electric distribution lines or conductors. Defendant placed locks on the cabinet, but there were no signs warning of the high voltage contained in the cabinet. Plaintiff alleges that defendant was negligent in the maintenance and design of the cabinet and in the failure to post warnings.

*Pulley, Watson, King & Hofler, P.A., by W. Paul Pulley, Jr., and A. Neil Stroud, for plaintiff appellants.*

*William I. Ward, Jr., W. Edward Poe, Jr., and Newsom, Graham, Hedrick, Bryson, Kennon & Faison, by E. C. Bryson, Jr., and Lewis A. Cheek, for defendant appellee.*

ARNOLD, Judge.

The only issue presented here is whether the court was correct in granting defendant's motion for summary judgment. G.S. 1A-1, Rule 56(c) provides that summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Summary judgment may be granted in a negligence action. Our Supreme Court, however, has stated that:

> As a general proposition, issues of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant "but should be resolved by trial in the ordinary manner." 6 Pt. 2 Moore's Federal Practice, § 56.17 [42] at 946 (2d ed. 1980). Hence, it is only in exceptional negligence cases that summary judgment is appropriate because the rule of the prudent man, or other applicable standard of care, must be applied, and ordinarily the jury should apply it under appropriate instructions from the court.

*Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E. 2d 137, 140 (1980); *see also Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E. 2d 255, 257 (1979); W. Shuford, North Carolina Civil Practice and Procedure § 56-7 (1981).

Plaintiff argues that this is not one of those "exceptional negligence cases" in which it is proper to grant summary judgment. He argues that there was a genuine issue as to whether defendant was negligent because of the failure to post warning signs.

In discussing the standard of care required of electric companies, our Supreme Court has stated that they

> are required to use reasonable care in the construction and maintenance of their lines and apparatus. The degree of care which will satisfy this requirement varies, of course, with the circumstances, but it must always be commensurate with the dangers involved, and where the wires maintained by a company are designed to carry a strong and powerful current of electricity, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business, to avoid injury to those likely to come in contact with its wires.

*Helms v. Power Co.*, 192 N.C. 784, 786, 136 S.E. 9, 10 (1926); *see also Alford v. Washington*, 238 N.C. 694, 699, 78 S.E. 2d 915, 919

(1953); *Bogle v. Power Co.*, 27 N.C. App. 318, 321, 219 S.E. 2d 308, 310 (1975), *disc. rev. denied*, 289 N.C. 296, 222 S.E. 2d 695 (1976). Further, while the National Electrical Safety Code is instructive as to whether an electric company used reasonable care, it is not decisive on the issue of negligence. Rather, the prudent man rule still controls. *Hale v. Power Co.*, 40 N.C. App. 202, 204, 252 S.E. 2d 265, 267, *disc. rev. denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979).

Here, plaintiff's expert stated in his deposition that it was a deviation from standard practice not to have warning signs posted on the cabinet. He also stated that the National Electrical Safety Code requires that defendant post warning signs on the cabinet. Further, the cabinet was in a residential area in which children often played.

We agree with plaintiff that this is not one of the "exceptional negligence" cases in which summary judgment is proper. Reasonable minds could differ as to whether, when an electric company places a cabinet containing high voltage in a residential area, it should place warning signs on the cabinet. Further, a statement made by plaintiff's intestate before entering the cabinet that the wires were not dangerous tends to show that had warning signs been posted, the accident would not have occurred.

Reversed.

Judges BECTON and EAGLES concur.