ROBERT JEFFREY LAUGHTER v. SOUTHERN PUMP & TANK CO., INC.

No. 8429SC1039

(Filed 4 June 1985)

**Negligence § 30— fire truck accident—summary judgment for defendant improper**

Summary judgment for defendant was improper in an action in which plaintiff, a volunteer fireman, was injured when he responded to a call in a truck on which defendant had mounted a 2,000 gallon water tank because reasonable persons could reach different conclusions on the evidence forecast. Defendant's evidence was that the fire truck had maintained a speed of about 58 miles per hour and remained in its lane without swaying before the accident; that the right front wheel of the truck had dropped off the right shoulder of the road as plaintiff attempted to negotiate a tricky left turn on the mountainous rural paved road; that plaintiff swung the truck to the left and that the truck turned over, rolling side to side then flipping end over end for about 150 feet; and that the water tank remained attached to the chassis while the truck was rolling but the chassis became detached from the truck by the time it stopped rolling. Plaintiff offered the affidavit of an expert in accident reconstruction that certain welds were of poor quality and separated while the truck was making a left turn, causing an unstable water tank condition which led to loss of control of the vehicle.

APPEAL by plaintiff from *Lamm, Judge.* Judgment entered 21 May 1984 in Superior Court, HENDERSON County. Heard in the Court of Appeals 8 May 1985.

In an action for negligence and breach of warranty summary judgment was entered for defendant, from which plaintiff appeals.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Allan R. Tarleton, for plaintiff appellant.*

*Caudle & Spears, P.A., by Lloyd C. Caudle, for defendant appellee.*

WHICHARD, Judge.

This action arises out of an accident involving a fire truck which occurred on Terry's Gap Road in Henderson County. On 3 November 1978 plaintiff, a volunteer fireman, responded to a fire

alarm in the department's truck, a 1972 or 1973 model Chevrolet on the chassis of which was welded a 2,000 gallon water tank. Defendant sold and mounted the tank. The truck rolled down a hill and plaintiff was thrown from the cab, sustaining injuries. Plaintiff contends in his complaint that due to defendant's faulty welding "the water tank suddenly broke loose from the truck chassis on the left side, causing the vehicle to go out of control, leave the roadway and overturn."

The issue is whether summary judgment for defendant was properly granted. Because we have determined that it was not, we reverse.

Before entry of summary judgment the court must determine by the record that no genuine issue of material fact exists and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Williams v. Power and Light Co.*, 296 N.C. 400, 402, 250 S.E. 2d 255, 257 (1979); *A-S-P Associates v. City of Raleigh*, 38 N.C. App. 271, 274, 247 S.E. 2d 800, 803 (1978), *rev'd on other grounds*, 298 N.C. 207, 258 S.E. 2d 444 (1979). Summary judgment is a drastic measure and should be used with caution, *Williams*, 296 N.C. at 402, 250 S.E. 2d at 257, especially in a negligence action in which the jury ordinarily applies the reasonable person standard to the facts. *Id. See also Page v. Sloan*, 281 N.C. 697, 706, 190 S.E. 2d 189, 194 (1972). After reviewing the record we have determined that there is a genuine issue of material fact about which reasonable minds could differ that must be resolved by the jury.

The material offered by defendant in support of its motion contains the affidavit of the only eyewitness to the accident, a licensed practical nurse who spotted the fire truck and followed it for about three miles until it wrecked. Her affidavit forecasts the following evidence: Prior to the accident the fire truck maintained a speed of about 58 m.p.h. and remained in its lane without swaying. As plaintiff attempted to negotiate a tricky left turn on a mountainous rural paved road the right front wheel of the truck dropped off the right shoulder of the road. Plaintiff swung the truck to the left and the truck turned over, first rolling side over side and then flipping end over end. The truck travelled about 150 feet in this manner. The water tank remained attached to the chassis while the truck was rolling. All of the parts of the truck

remained intact while the truck rolled. By the time the rolling stopped the chassis had become detached from the truck. Plaintiff was thrown about two and one-half car lengths from the truck.

The material offered by plaintiff contained the affidavit of his expert in accident reconstruction who, on 16 November 1978, 12 December 1978, and 13 December 1978 visited the scene of the accident and the garage which housed the wrecked fire truck. He noted that the water tank was partially attached to the frame of the truck. From his examination of the accident scene and the vehicle involved plaintiff's expert concluded:

a. That the welds attaching the tank bracket to the truck frame on the left side of the truck (as viewed from the rear) separated while the truck was making a left-hand turn, resulting in an unstable water tank condition which, in turn caused a loss of control of the vehicle;

b. That the loss of control due to the unstable water tank caused the fire truck to partially leave the paved surface of the roadway on the right side and then to cross the highway and roll over to the point of rest;

c. That the likely cause of the separation of the mounting brackets from the vehicle frame was the poor quality of the welds holding the brackets to the frame;

d. That on certain of the welds, the welding did not penetrate the frame or bracket sufficiently to create a bond adequate to resist the stress created by the [dynamic] forces of the cargo within the tank during the turn being made at the time of the accident.

In our opinion reasonable persons could reach different conclusions on the evidence forecast. *Page*, 281 N.C. at 708, 190 S.E. 2d at 195. Reasonable persons could conclude, for example, that plaintiff simply ran off the road while maneuvering a difficult left turn at a high rate of speed without exercising due care. They could also conclude, however, that "certain of the welds . . . did not penetrate the frame . . . sufficiently" to withstand the stress created by a 2,000 gallon water tank mounted on a truck driven by one exercising due care and that this, rather than plaintiff's lack of due care, caused the accident. If the evidence is conflicting on issues of negligence or contributory negligence, issues of fact

are raised which may not be answered by the court as a matter of law. *Williams*, 296 N.C. at 405, 250 S.E. 2d at 259. Summary judgment for defendant therefore is reversed and the case remanded for trial.

Reversed and remanded.

Chief Judge HEDRICK and Judge WEBB concur.