BOBBY LEE SWEAT, Plaintiff v. BRUNSWICK ELECTRIC MEMBERSHIP
CORPORATION, Defendant

LINDA McGOVERN· BRASWELL, Personal Representative of the Estate of JAMES
FRANCUM BRASWELL, JR., Plaintiff v. BRUNSWICK ELECTRIC MEMBERSHIP
CORPORATION, Defendant

No. COA98-492

(Filed 20 April 1999)

### Utilities— electricity—uninsulated power line—not negligent

The trial court properly granted defendant's motion for summary judgment in an action arising from the electrocution and injury of plaintiff and decedent while working on a ladder which came into contact with an uninsulated power line at a construction site. The power lines were plainly visible, conformed to the National Electrical Safety Code, were 21.9 feet away from the house and 25.6 feet above the ground, and plaintiffs did not allege that in the ordinary course of their work they were required to maneuver the ladder in close contact with the power lines, so that defendant was not required to foresee that plaintiffs would permit the ladder to come into contact with the power lines. Mere notice of construction is not enough to warrant additional measures by defendant.

Appeal by plaintiffs from judgments entered 2 March 1998 by Judge D. Jack Hooks, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 18 February 1999.

*Hedrick & Blackwell, L.L.P., by P. Scott Hedrick; and Hearn, Brittain & Martin, P.A., by L. Morgan Martin and George M. Hearn, Jr., for plaintiffs-appellants.*

*Johnson & Lambeth, by Robert White Johnson, for defendant-appellee.*

WALKER, Judge.

On 9 November 1994, Bobby Lee Sweat ("plaintiff") and James Francum Braswell ("decedent") were installing vinyl siding on a house under construction located on East Second Street in Ocean Isle Beach, North Carolina. The house being constructed was over 30 feet

in height and had been under construction since July of 1994. Plaintiff and decedent were using a forty-foot aluminum extension ladder to work on a window located approximately 30 feet above the ground facing East Second Street.

Defendant's electrical distribution lines were on poles and ran along the street. The lines were 21.9 feet north of the house horizontally and 25.6 feet above the ground. The base of the ladder was between the building and the distribution lines and approximately 13 feet from directly below the lines.

Plaintiff and decedent were found electrocuted at the base of the ladder. There were no witnesses to this accident. The plaintiff testified that the last thing he remembered was being in the process of climbing down the ladder after he finished his work. The power line, which the ladder struck, was not insulated and as a result of the contact, decedent was killed and plaintiff was seriously injured. The power line conformed to the National Electrical Safety Code (NESC) in all respects.

In his deposition, plaintiff admits that he was aware of the power lines, but that he was not concerned since he believed the lines were insulated. During the construction of the house and on the day of the accident, defendant's employees drove by the construction site at least twice a day in order to get to a job installing street lights.

On 29 August 1996, plaintiff filed a complaint for personal injuries. On 23 October 1995, the decedent's wife, acting as the personal representative of his estate, filed a wrongful death action.

Defendant moved for summary judgment in both cases and the trial court, with the agreement of the parties, consolidated the cases. On 2 March 1998, the trial court entered orders granting summary judgment for defendant finding "that there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law." On appeal, plaintiffs contend the trial court erred in granting summary judgment.

A motion for summary judgment "is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Thompson v. Three Guy Furniture Co.*, 122 N.C. App. 340,

344, 469 S.E.2d 583, 585 (1996) (*quoting* N.C. Gen. Stat. § 1A-1, Rule 56(c)). The party moving for summary judgment bears the burden of proving the lack of a triable issue of fact. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The evidence is viewed in the light most favorable to the nonmoving party. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 666, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995).

Plaintiffs argue that defendant breached its duty of care owed to them by its installation, operation, and maintenance of an uninsulated 7,200 volt power line and that, as a result, defendant proximately caused plaintiffs' injuries and death. More specifically, based on their expert's opinion, plaintiffs contend that defendant failed to insulate or de-energize the power line or failed to post appropriate warnings.

Negligence is the failure to exercise the degree of care that a reasonably prudent person would exercise in the same circumstances. *Bogle v. Power Co.*, 27 N.C. App. 318, 321, 219 S.E.2d 308, 310 (1975), *disc. review denied*, 289 N.C. 296, 222 S.E.2d 695 (1976). In order to sustain a claim for negligence, a plaintiff must prove (1) the defendant owed a duty to the plaintiff; (2) the defendant failed to exercise proper care in the performance of the duty; and (3) the breach of the duty was a proximate cause of the injury suffered by the plaintiff. *Westbrook v. Cobb*, 105 N.C. App. 64, 67, 411 S.E.2d 651, 653 (1992). The absence of any one of these elements will defeat a negligence claim. *Id.*

A supplier of electricity owes the highest degree of care to the public because of the dangerous nature of electricity. *Hale v. Power Co.*, 40 N.C. App. 202, 204, 252 S.E.2d 265, 267, *disc. review denied*, 297 N.C. 452, 256 S.E.2d 805 (1979). An electric company is required "to exercise reasonable care in the construction and maintenance of their lines when positioned where they are likely to come in contact with the public." *Bogle*, 27 N.C. App. at 321, 219 S.E.2d at 310. However, "the duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires. . . ." *Mintz v. Murphy*, 235 N.C. 304, 314, 69 S.E.2d 849, 857 (1952). Also, this Court has held that an electrical utility has exercised reasonable care when it has insulated its power lines "by height and isolation in accordance with existing regulations." *Bogle*, 27 N.C. App. at 321, 219 S.E.2d at 310. In *Bogle*, the

plaintiff was killed when he attempted to move an extension ladder after it struck a power line. *Id.* at 320, 219 S.E.2d at 310. The defendant was found to have exercised reasonable care where the power line was located 21 feet from the building in which the plaintiff was working with an extension ladder and suspended from a pole at a height of 22 feet. *Id.* at 320-22, 219 S.E.2d at 310. Similarly, in *Brown v. Power Co.*, 45 N.C. App. 384, 386-88, 263 S.E.2d 366, 368-69, *disc. review denied*, 300 N.C. 194, 269 S.E.2d 615 (1980), the plaintiff was killed when the antenna he was installing struck power lines. This Court held that the defendant exercised reasonable care and did not breach any duty in its operation of the power lines which were located 12 to 14 feet away from the house and the closest distance from the ground to the lines was 22 feet, 2 inches. *Id.*

Plaintiffs argue that their case is analogous to the situation in *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979). In *Williams*, the plaintiff was hired to repair a piece of guttering that had come loose from the roof of a house. *Id.* at 401, 250 S.E.2d at 256. The plaintiff noticed two electrical wires running near the roof of the house. *Id.* at 401, 250 S.E.2d at 257. After the plaintiff finished repairing the gutter, but before he and his helper started taking down an extension ladder they used in the repair, the plaintiff was knocked unconscious evidently as a result of the ladder hitting electrical wires. *Id.* The Supreme Court reversed the granting of summary judgment for defendant because it found there was a genuine issue of material fact relating to the defendant's duty to insulate the wires since there was a discrepancy in the parties' evidence as to the actual distance between the wires and the roof. *Id.* at 402-03, 250 S.E.2d at 257.

The plaintiffs also allege that even if defendant complied with the NESC, the NESC does not control whether defendant violated its standard of care. Plaintiffs cite *Willis v. Power Co.*, 42 N.C. App. 582, 592, 257 S.E.2d 471 (1979) where this Court held that even though defendant met the NESC requirements as to line insulation and clearance, the defendant may still have breached its duty of care to the plaintiff. In *Willis* and in *Hale*, 40 N.C. App. at 203, 252 S.E.2d at 266, both plaintiffs were electrocuted at the same location when their ladder came in contact with power lines. In both cases, this Court reversed summary judgment for the defendant, finding there was an issue of fact as to the defendant's negligence where the two high voltage, uninsulated power lines were only 3 feet 10 inches from the side of the house and 22.7 feet above the ground. *Willis,* 42 N.C. App. at

592-96, 257 S.E.2d at 478-80; *Hale*, 40 N.C. App. at 203-04, 252 S.E.2d at 267. Further, plaintiff alleged these power lines were obscured by trees and shrubbery. *Willis*, 42 N.C. App. at 594, 257 S.E.2d at 479; *Hale*, 40 N.C. App. at 205, 252 S.E.2d at 268.

Here, the power lines were plainly visible, conformed to the NESC, and were 21.9 feet away from the house and 25.6 feet above the ground. There was no evidence that the plaintiffs in navigating, positioning, and utilizing the ladder were required to come in close contact with the power line as was the situation in *Hale* and *Willis*. In *Brown*, 45 N.C. App. at 389, 263 S.E.2d at 370, this Court held that the defendant was not required "to foresee that some person may hold a metal antenna in the air in such a way as to come in contact with the high voltage wires." Also, we held in *Bogle*, 27 N.C. App. at 322, 219 S.E.2d at 310, that the defendant was required to exercise reasonable care "to provide for those eventualities which a reasonably prudent person would have foreseen under the circumstances" and that it was "unreasonable to call on the defendant to foresee that plaintiff's intestate would ignore the warnings of his supervisors and cause a metal ladder to fall against the line."

The plaintiffs in this case do not allege that in the ordinary course of their work, they were required to maneuver the ladder in close contact with the power lines. Thus, defendant was not required to foresee that plaintiffs, for unexplained reasons, would permit the ladder to come in contact with the power lines located at a distance of 21.9 feet away from the house and 25.6 feet above the ground.

In addition, plaintiffs argue that since the defendant had notice that there was construction in progress at the site, they had a duty to warn plaintiffs of a potential danger and/or temporarily insulate the power lines. Further, plaintiffs contend that defendant's employees were trained to spot dangerous situations around power lines and to take measures, which might include warnings or temporary insulation, to protect the public. However, plaintiffs have presented no evidence to show that mere notice of construction is enough to warrant that these additional measures be required by the defendant. Since this Court has held that an electrical utility did not breach any duty of care where its power lines were at similar distances away from the structure and above the ground, we likewise conclude that defendant's lines were properly insulated by height and isolation such that no additional duty to the plaintiffs existed on the part of defendant. *See Mintz*, 235 N.C. at 314, 69 S.E.2d at 857.

Therefore, we find the defendant exercised reasonable care in the operation of its power lines and did not breach any duty of care owed to the plaintiffs. Since there is no genuine issue of material fact, the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges JOHN and McGEE concur.